164

CITY OF GIRARD, APPELLEE, *v.* HARDY ET AL., APPELLANTS.

(No. 73-138—Decided December 19, 1973.)

*Mr. Emmor F. Snyder,* prosecuting attorney, for appellee.

*Messrs. Berkman, Gordon & Kancelbaum, Mr. Bernard A. Berkman* and *Mr. Harold L. Levy,* for appellants.

*Per Curiam.* Under the decisions of the Supreme Court of the United States in *Roaden* v. *Kentucky* (1973), 413 U. S. 496, and *Heller* v. *New York* (1973), 413 U. S. 483, the judgment of the Court of Appeals must be reversed.

*Judgment reversed.*

O'NEILL, C. J., HERBERT, CORRIGAN, STERN, CELEBREZZE, W. BROWN and P. BROWN, JJ., concur.

HERBERT, J., concurring. I concur in the conclusion that, unfortunately, these convictions must be reversed, but do not agree with the method employed by the court in so doing.

Appellants briefed and argued the assertions that the film here involved was not obscene and that the ordinance under which they were convicted was unconstitutional. The trial court ruled adversely as to both of these contentions, thereby placing squarely before us the cases of *Roth* v. *United States* (1957), 354 U. S. 476, and *Memoirs* v. *Massachusetts* (1966), 383 U. S. 413, and raising the question of the effect upon those cases of *Miller* v. *California* (1973), 413 U. S. 15. The problems attendant with this line of cases

will not diminish, and we owe it to the bench and bar of this state to provide firm guidelines, as this court determines them to be, for the future defense and prosecution of obscenity indictments and affidavits in Ohio.

There is no doubt that *Roaden* v. *Kentucky* (1973), 413 U. S. 496, requires us to find that the appellants' motion to suppress the seized evidence should have been sustained. However, a reading of the record at bar renders it equally clear that, in the *absence* of the illegally obtained evidence, sufficient evidence remains to warrant, at the least, a discussion of *Chapman* v. *California* (1967), 386 U. S. 18. And, of course, once this point is reached, a ruling upon the constitutionality of the Girard ordinance, in light of *Miller*, becomes imperative.

This and other state courts of last resort recently were reversed by the Supreme Court of the United States for permitting the seizure of obscene materials without the prior issuance of a valid search warrant; two recent cases from that court which deal with this question are *Roaden*, *supra*, and *Heller* v. *New York* (1973), 413 U. S. 483. We owe it to the bench and bar of Ohio to set forth our interpretation of these cases, so that police officers and magistrates will know exactly what is expected of them in the obtaining and issuance of search warrants for the seizure of apparently obscene materials.

Throughout this state, trial judges, prosecutors and defense counsel have long struggled with unsettled law in the field of obscenity. This uncertainty has stemmed mainly from a difference of authoritative opinion concerning the measure of protection accorded purveyors of obscenity by the First and Fourth Amendments to the Constitution of the United States. *Miller, Roaden* and *Heller* can go a long way to settle these differences, provided we all interpret those cases in the same manner. Only this court, in a full and studied opinion, can insure that universality in Ohio, and that is the type of opinion we should have rendered in this case.

STERN, J., concurs in the foregoing concurring opinion.