THE STATE OF OHIO v. SHOULTES.

[Cite as State v. Shoultes (1974), 41 Ohio Misc. 20.]

(No. MCR74-05757—Decided June 20, 1974.)

Toledo Municipal Court.

Mr. *Robert Young*, city prosecutor, for plaintiff.
Mr. *Ted Iorio*, for defendant.

GABRIEL, J. This case is submitted on the stipulated facts and involves the seizure of a single magazine or book entitled "Hell's Bedroom" by a member of the Toledo Police Department assigned to the Morals or Vice Squad. The seizure was made on April 23, 1974, from the premises of the Executive Art Studio located at 334 Superior Street, Toledo, Ohio. The stipulations also provide that the seizure was made without any search warrant or warrant for the arrest of the defendant; that no prior adversary hearing preceded the seizure; that no prior judicial scrutiny of the magazine was made; and that no judicial determination on the question of obscenity has been made.

The defendant was arrested on a charge of pandering obscenity, and a complaint, filed on April 25, 1974, pursuant to R. C. 2907.32 (A)(2), charges the defendant with this offense which is a first degree misdemeanor. It is specifically alleged therein that the defendant "did with knowledge of the character of the material and performance involved exhibit obscene material, to wit: displayed obscene material at Executive Art Studios, 334 Superior, Toledo, Ohio" in violation of this section.

Based upon *Heller* v. *New York*, 413 U. S. 483, 37 L. Ed. 2d 745, decided June 25, 1973, by the U. S. Supreme Court it is clear that the stipulations "the seizure was

made without any search warrant" and "no prior judicial determination on the question of obscenity was made" are alone dispositive of this case and compel this court to sustain the motion to suppress.

The decision of the U. S. Supreme Court in *Heller* clearly called for the police officers in the instant case at the very minimum to obtain a search warrant, issued after a determination of probable cause by a neutral magistrate or judge, in order to bring this case into a legal area wherein judicial attention would be focused upon the question of a constitutionally permissible search.

In *Heller* a judge upon seeing the entire film being shown signed a search warrant as well as warrants of arrest and therein stated in his opinion the film was obscene under the section of New York law involved. The U. S. Supreme Court emphasized that the judge "had a full opportunity for independant judicial determination of probable cause prior to issuing the warrant and that he was able to 'focus searchingly on the question of obscenity.' "

In *Roaden* v. *Kentucky*, 413 U. S. 496, 37 L. Ed. 2d 757, decided on the same day as *Heller*, a police officer (a county sheriff) viewed a sexually explicit film at a local drive-in theater. At the conclusion of the showing, he arrested the theater manager for exhibiting an obscene film in violation of Kentucky law and seized, *without a search warrant*, one copy of the film for use as evidence. *There was no prior judicial determination of obscenity.* The U. S. Supreme Court, in its syllabus, held "the seizure by the sheriff, without the authority of a constitutionally sufficient warrant was unreasonable under Fourth and Fourteenth standards."

The U. S. Supreme Court in the opinion in *Roaden* further stated that *"the seizure proceeded solely on a police officer's conclusions that the film was obscene*; there was no warrant [search warrant]." *"Nothing prior to seizure afforded a magistrate an opportunity to 'focus searchingly on the question of obscenity'."* (Emphasis added.)

The Supreme Court of Ohio has consistently followed the mandates and holdings of both *Heller* and *Roaden.* See

*State* v. *Albini,* 35 Ohio St. 2d 222; *State* v. *Blair,* 35 Ohio St. 2d 223; and *Girard* v. *Hardy,* 36 Ohio St. 2d 164.

It is also clear that books (or a magazine as in the case at hand) for this purpose have been placed on an equal footing with films and other presumptively First Amendment materials in the area necessitating a search warrant prior to seizure to preserve as evidence. No prior adversary hearing on the question of obscenity is required in the abscence of a claim or showing of a final restraint (a seizure for destruction or to block distribution).

Under both *Heller* and *Roaden* the seizure of the magazine in this case could only enter the area of being constitutionally permissive if a search warrant had first issued. *Furthermore such search warrant must be supported by a prior judicial determination of probable obscenity by a neutral magistrate or judge.*

It is hoped that the foregoing memorandum will provide some minimal guidelines for trial judges, prosecutors, defense counsel, and law enforcement officers in this area of search and seizure.

The motion to suppress is granted.

The magazine seized is hereby ordered retained in the custody of the Toledo Police Department pending the decision of the prosecution to appeal under Crim. R. 12 (J). If no such appeal is timely filed and/or prosecuted, defendant may file a motion for the return of the seized property.

*Motion granted.*